(Cuyahoga County Ohio Common Pleas.) February, 1899.

THE CLEVELAND GAS & ELECTRIC FIXTURE COMPANY,

v.

THE MOUNT GILEAD ELECTRIC LIGHT & POWER COMPANY, LILLIAN B. FISHACK, T. J. CARMACK, F. K. COLLINS, ANDREW HALE, ALEXANDER DOW, J. J. GOODALE M. M. CHEW, GEORGE L. DRAKE, L. SINNOTT,

---

*Attachment on statutory liability of non-resident stockholder in insolvent corporation—*

(1). By the word "contract", as used in the attachment law of Ohio, sec. 5521, R. S., is meant the general understanding and definition of contract in law, which is an agreement between two or more parties to do or not to do a certain thing, and the word cannot be changed to include liabilities merely in the nature of contracts. It therefore does not include a stockholder's statutory liability for the debts of an insolvent corporation.

(2). An attachment can not be issued, on the statutory liability of a non-resident stockholder in an insolvent corporation.

(See contra, Northern Nat'l. Bank v. Maumee Rolling Mill Co., 2 Nisi Prius, 260.)

---

ONG, J.

This case is before the court on the motion of the defendant, F. K. Collins, to dissolve an attachment issued against the defendant, F. K. Collins, in this action.

The action is one brought by the Cleveland Gas & Electric Fixture Company against The Mount Gilead Electric Light & Power Company, a corporation, and its stockholders, defendants,—brought under the statutes in this state for the purpose of enforcing the statutory liability of stockholders, averring, among other things, the corporate capacity of the defendants, the stockholders, the number of shares held by each, the insolvency of the company, and the liability of

the company to this plaintiff.

After the filing of the petition referred to and whilst the action was pending in this court, the stockholder, F. K. Collins, being a resident of the state of Massachusetts and owning some fifty shares of stock in the insolvent corporation, the plaintiff in the action made and filed the following affidavit:

"Personally came Frank E. Stevens who being duly sworn according to law, says he is the duly authorized attorney of the plaintiff in this case; that the claim on which this suit is brought is an account for goods sold and delivered by the plaintiff to the defendant, the Mount Gilead Electric Light & Power Company, a corporation, and to enforce, against the defendant, F. K. Collins, for the benefit of all the creditors of said corporation his liability, as the owner of fifty shares of the capital stock of said corporation, to contribute to the payment of its debts; that said corporation is insolvent and the amount of its said debts exceeds the amount of the liability of said defendant, upon said fifty shares of stock. The nature of plaintiff's claim is set forth more fully in his petition filed herein, to which petition references is hereby made, and the averments of the same hereby adopted and made a part of this affidavit. That said claim is just and that the plaintiff ought to recover thereon, as this affiant believes, the sum of five thousand dollars, with interest thereon from the 18th day of August, A. D. 1897.

"This affiant further says that the property sought and about to be attached in this action is not exempt from execution and is not the personal earnings of said defendant. That the said defendant, F. K. Collins, is a non-resident of the state of Ohio.

"And affiant further says that he has good reason to believe and does believe that the following named persons and corporations in said county have property of the defendant in their possession as follows: T. E. Burton and George L. Dake, partners, doing business under the firm name of Burton & Dake who hold certain stocks and bonds, the property of the said defendant, F. K. Collins. The Cleveland Electric Illuminating Company, a corporation under the laws of the state of Ohio, certain of the capital stock of which said company is the property of the said F. K. Collins. The Cleveland Electric Railway Company, a corporation under the laws of the state of Ohio, certain of the capital stock of which said company is the property of the said F. K. Collins in his own right, and certain other shares of its said capital stock are the property of the said F. K. Collins as one of the heirs and legatees of Jane Collins deceased.

"Further affiant saith not."

And thereupon, an order of attachment was issued by the court of common pleas against the property of the defendant F. K. Collins found within the jurisdiction of this court, and the attachment levied or garnishee process served. The defendant, F. K. Collins, through his attorneys Hoyt, Dustin & Kelley, and solely for the purpose of the motion, filed a motion to discharge the attachment and set aside the pretended service and as a ground for that motion he says: First, the affidavit upon which said attachment was issued, is insufficient in law; second, the affidavit is untrue; third, the liability sought to be enforced in this action is not a debt or demand arising upon contract, judgment, or decree, or for causing death by a negligent or wrongful act; fourth, the action of plaintiff is not one in which an attachment can be lawfully issued under the laws of this state against a non-resident upon the ground of such non-residence.

The question, therefore, is, whether or not in a proceeding by a creditor of an insolvent corporation, to enforce the statutory liability, a creditor may have an attachment issued against one of the stockholders under section 5521, Revised Statutes of Ohio, on the ground that such stockholder is a non-resident of the state.

The question was very fully argued and counsel in opposing the motion, presented his claim with a great deal assurance, that in Ohio and under our

statutes and under the holdings of the supreme court so far as it has spoken upon this subject, and especially following the case of Northern Nat'l Bank v. Maumee Rolling Mill Co., 2 Nisi Prius Rep.,260, decided by a very learned judge of the court of common pleas of Lucas county, involving exactly the same question presented here, such proceedings may be had and are maintainable in this state. While it is contended by counsel for the motion, that the supreme court have not as yet distinctly said that such action may be maintained or jurisdiction of a non-resident stockholder be thus obtained, and that in the case of the Lucas county common pleas court, Judge Pugsley delivering the opinion, that such is not the law, and for that reason this motion ought to prevail and the attachment be discharged.

I confess that I have not met with, or been called upon to decide a question during my entire service upon this bench, where so learned a judge as Judge Pugsley had decided a case as squarely in point as this one, or where the supreme court so far as it has given any utterance upon the subject at all, that my own views and understanding of the law were so thoroughly at war with the doctrine announced or the holdings made, as it is in this case. For that reason I have given to it my best consideration and, indeed, sought in a measure to convince myself that Judge Pugsley in his very elaborate opinion was right. The very announcement of the doctrine that a person subscribing to the capital stock of a corporation, which is a distinct individual in law, that by such subscription he enters into a contract with every individual or corporation that may thereafter deal with it, seems to me to be at war with every fundamental principle and every textwriter upon the subject of what is and what constitutes a contract.

Now, it is said by Judge Pugsley that when a person subscribes to the capital stock of a corporation, he contracts to pay its debts or be liable therefor. Granted.

It is further said by Judge Pugsley, that such an action is an equitable action under the statute, for the common and equal benefit of all the creditors; no creditor can acquire a priority or institute a separate suit in his own behalf; as between the stockholders and the creditors, each stockholder is severally liable to all the creditors and, as among stockholders, each stockholder is bound to pay in proportion to his stock. He says, it is further held that the liability of the stockholders is not a primary fund for the payment of the debt of the corporation, but is collateral and conditional to the principal obligation which rests upon the corporation and is to be resorted to by creditors only in case of the insolvency of the corporation, or when payment can not be enforced against it by ordinary process, and that this conditional liability has reference only to the condition to which its enforcement by creditors is subject, and that its taking effect as an obligation in favor of creditors is not conditional or contingent. Granted, again. And, then, inquire why. It is not because of a contract existing between the creditor and the stockholder, but by virtue of two sections of the Revised Statutes of Ohio, to-wit: the one, creating a stockholders' liability; and the other, providing for such an action as this, for the benefit of the plaintiff and all other creditors.

In the 40 Ohio St., page 517, it was held that the action of a creditor to enforce stockholders' liability, is an action upon the liability created by statute and is barred in six years; but the court say that it also embraces the element of an implied contract, and that the bar of the statute as to actions upon implied contracts would be applied if the implied contract only could furnish a bar, and that while the statute creates the obligation, a contract of promise is raised by implication, which runs with the statute of liability.

In the 36th Ohio St., page 607, it was held, that the stockholders' liability attaches in favor of creditors at the time the debt is contracted by the corporation.

And, again, Judge Pugsley refers to the case of Corning v. McCollough, in

the 1st Comstock, page 47 to 55, wherein the court say: "It is a liability which every stockholder must be understood to assume and take upon himself and to be under to those who deal with the company. Dealers contract with the corporation on the faith of that security for the performance of the contract. The credit they give is given, and they trust, as well to the personal liability of the stockholders, as to the responsibility of the corporation, for the fulfillment of the engagement; and each stockholder incurs that liability to the creditor the moment the contract of such creditor with the company is consummated."

And again the court say: "It is virtually and in effect a liability upon a contract, and the mutual agreement of the parties; not indeed in form an express personal contract, but an agreement of equal binding obligation, consequent upon and resulting from the acts and admissions or implied assent of the parties."

The stockholders' liability to the creditors is held to be in the nature of a contract. The courts say, it is a debt under the statute, due from the stockholder to the creditor springing out of and co-existent with the contract between the corporation and the creditor.

I have no fault to find with any of the authorities to which I have now referred, or the doctrine announced by the courts, and do not question but what it is the law and rested upon the broadest principles of justice, but it does not meet and does not control the question presented to the court in this case, or the question that was presented to Judge Pugsley in the case in which he held that an attachment could be maintained.

All of the cases referred to and cited by the learned judge to sustain his position in the upholding of an attachment, were all upon the liability of the stockholder in a suit brought by a creditor, and every one of the authorities in passing upon this subject hold that it is in the nature of a contract and therefore they are liable; that a stockholder guarantees the payment of the debts of the corporation to the extent of his stock subscription, and that duty is imposed by the statute, and the statute, of course, becomes a part of his subscription or his contract of subscription, and for that reason the whole line of authorities is that he is liable, and has been so held and determined over and over again; but I have yet to find the first case that undertakes to hold and lay down the broad doctrine that where the statute uses the term "contract" and makes it the predicate for the extraordinary proceedings of an attachment at law, the fact that a stockholder has subscribed or is a stockholder in a corporation, that he has an existing contract with every creditor of the corporation personally and upon which an order of attachment can issue upon the grounds that he is a non-resident of the state.

I see no occasion for the holding. I see no reason for widening or attempting to widen the scope and purview of the word "contract" in attachment proceedings and, where the word contract has been used in the statute, I think there can be no question about the intent of the legislature when they used the words, that an attachment shall not be granted on the ground that the defendant is a foreign corporation or a non-resident of the state, for any other claim, other than a debt or demand arising upon contract, judgment or decree. Is it to be said, as argued by Judge Pugsley, that the legislature meant that if it was of a contractual relation, or that if a contract once existed between the parties, or if the statute imposed certain duties upon the person subscribing to the capital stock, that, therefore, they meant by the use of the word contract that an attachment might issue against a non-resident by reason of such subscription? Clearly not; and a moment's study of the statute itself, I think, is sufficient argument to convince any one that no such intention was in the mind of the legislature and that no such construction should be given to the language used by the legislature.

Every judgment, every decree, and a hundred other liabilities grow out

of and arise upon contract; and did the legislature mean, when they used the word contract, 'that all such claims and all such obligations and liabilities that arise or grow out of a contract should be sufficient grounds for an attachment against a non-resident of the state and especially in the proceeding of a stockholders' liability which is purely statutory? If so, why did not the legislature stop when it had used the word "contract"? Why did it add the words "judgment or decree"? Every attachment, every decree of the court grows out of or arises from some contractual relation between parties, and, if that be true, then the word contract would cover it just as sufficiently, just as completely as the words judgment and decree. I think not. What the legislature meant and what is intended by the words "a debt or demand arising upon contract, judgment or decree", is that it shall be a debt due, or a demand growing out of a then-existing contract between the parties—that it must be a decree of a court of competent jurisdiction, or a judgment of a court of competent jurisdiction. Judgment does not include a decree. A decree does not include a contract. And a contract, as used in the statute, does not include both decree and judgment, but they are each separate and distinct, and the meaning of the word contract, as used by the legislature, is, in the judgment of this court, that general understanding and well-recognized definition of contract in law from the earliest history of jurisprudence down to the present moment—that it is an agreement between two or more persons to do or not to do a certain thing, and to thus enlarge it and engraft upon it, the inference that it includes liabilities in the nature of a contract is, in my judgment, to do great violence to that section of the statute which provides for the issuing of an order of attachment against a non resident of the state upon a debt or claim arising upon contract.

Again, I can see no reason for placing upon the word "contract" as used in the statute, such a construction.

Under the code, in all civil actions, in all matters or controversies arising either between corporations and individuals, or between one individual and another, our remedies are broad and complete.

In this case, if, in the end, a liability shall be found to exist against the defendant, F. K. Collins, and the court shall so decree, fixing the amount, the certainty of the claim, and his liability, then an attachment may be rested upon that decree or that judgment; or a copy of that decree and judgment may be taken and made the predicate of an action against the stockholder in his own state.

Another reason why this attachment cannot be issued is, that certainty of a contract which must always be present, fixing and bounding the rights and liabilities of the parties thereto, is absent.

Now in this case, whether F. K. Collins is liable for the whole of the plaintiffs' claim or a portion of it, or any portion of it, is yet undetermined and unknown, and I see no better illustration of the falsity of the doctrine that a attachment may issue in the case, than the fact that in the petition the claim of the plaintiff is $35.00; in the affidavit for attachment, he swears he ought to recover from the defendant the sum of $5,000, and under the same contractual relations. Such a proposition is not maintainable; it is not sound in principle, and it would lead to great confusion. For instance, a contract is not changed by circumstances or by facts enforcible to-day and void to-morrow except by the acts of parties to the contract themselves. They may make a new one; they may substitute, or they may annul.

If the Mount Gilead corporation shall by the court be found to be solvent, or, if, by the collection of unpaid subscribed stock, it creates a fund sufficient to discharge the liability of the corporation, then F. K. Collins has no liability under contract that can be enforced against him because no one will contradict the proposition that unless a corporation has liabilities, and assets in its hands in-

sufficient to discharge its obligations, a stockholder cannot be called upon to make good his liability under the statute. That is not consistent, however, with a contract relation, because if the contract exist between the plaintiff and F. K. Collins, he may enforce it direct and as against him alone. But it is said he cannot do that in Ohio because the statute provides that he shall bring the suit for himself and others against all of the stockholders. True, and for that very reason the statute does not deprive the plaintiff of any contract relation or any contract right, for he never had a contract right to enforce against F. K. Collins. He has a statutory right, which statutory right is in the nature of a contractual relation. Thus strong it may be stated, but no stronger.

We are clearly of the opinion that the attachment in this court was wrongfully issued, and we so hold. And in doing so we do not believe that we infract or trespass upon a single principle thus far announced by our supreme court. We clearly think that the court of Lucas county has misconstrued the language of the supreme court and given to it a wider and greater scope than was intended by the supreme court or any of the authorities referred to. I should, however, refer to the California case in which an attachment was sustained in a stockholders' proceeding similar to the one at bar; I discover, by an examination of the statute of that state, that California provides by her statute, that a creditor may proceed directly against any one of the stockholders of the corporation and maintain his action at law by virtue, not of the contract, but by virtue of the statute upon that subject, which statute became a part of his contract of subscription to the capital stock and, therefore, in a proceeding of this kind, the court say, that that being the statute of California, they see no reason why he may not have his attachment although the action is brought by himself and others against the defendant, the same as though he had proceeded directly against the defendant below.

But no such statute exists in Ohio. And, as before stated, we are clearly of the opinion that the attachment in this case was wrongfully granted, and that the motion must prevail, the attachment is dissolved, and the service set aside.

Hoyt, Dustin & Kelley; and H. H. McKeehan, for motion.

F. E. Stevens and Wm. Howell, contra.